UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ajamu S. Osborne,                                 Case No. 4:18-cv-2438

             Petitioner

             v.                                       MEMORANDUM OPINION
                                                                AND ORDER

Steven Merlak,

             Respondent

      Ajamu S. Osborne, a federal prisoner currently confined at FCI-Elkton, has filed a *pro se* petition seeking writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  His petition challenges the decision of the Bureau of Prisons (BOP) to remove him from eligibility for early release consideration under 18 U.S.C. § 3621(e)(2)(B).  Section § 3621(e)(2)(B) permits the BOP to reduce the sentences of prisoners, who have been convicted of a nonviolent offense and have completed a substance abuse treatment program, by up to one year.

      Petitioner completed the prison portion of a substance abuse treatment program, but the BOP removed him from the required community-based transitional services portion of the program, and revoked his eligibility for early release consideration under § 3621, "because he was remanded to secure custody on January 24, 2018 due to a multitude of disciplinary issues while at the Brooklyn House Residential Reentry Center (RRC)."  (Doc. No. 1-2 at 15.)  Petitioner acknowledges he received multiple incident reports (including an escape report) while housed at RRC, but he contends the BOP violated his due process rights in revoking his eligibility for early release consideration because (among other reasons) he was not notified that his "behavior in [Transitional

1

Drug Abuse Treatment] or the RRC was putting his status in the program in jeopardy" in accordance with the terms of a program statement. (Doc. No 1-1 at 2.) In his Petition and a separate Motion for Order (Doc. No. 2), Petitioner seeks an "order reinstating [his] § 3621(e) early release." (Doc. No. 1 at 10.)

A district court must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). And a court must summarily deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review of this case, I must summarily deny the Petition. To be entitled to habeas corpus relief under § 2241, a prisoner must demonstrate he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petition does not suggest Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. A prisoner does not have a constitutionally-protected liberty or property interest in participating in a prison rehabilitation program. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976). *See also Sesi v. U.S. Bureau of Prisons*, Nos. 99-2243, 99-2534, 2000 WL 1827950, at *2 (6th Cir. Dec. 7, 2000) (affirming dismissal of a § 2241 petition and holding that a federal prisoner has no plausible claim that his termination from a prison drug rehabilitation program violates his due process rights).

Nor does a prisoner have a constitutionally-protected liberty interest in discretionary release before the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").

Further, the statute that allows for a prisoner to be considered for a sentence reduction once he has successfully completed a substance abuse treatment program, 18 U.S.C. § 3621(e)(2)(B),

leaves the decision of whether to grant early release to the discretion of the BOP.  *See Lopez v. Davis*, 531 U.S. 230, 241 (2001).

Petitioner's allegations pertaining to his removal from the transitional drug treatment, and the resulting loss of his eligibility for a reduction in his federal sentence under 18 U.S.C. § 3621(e)(2)(B), do not implicate a constitutionally-protected federal right.  Accordingly, his Petition and his Motion for Order are denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                           s/ Jeffrey J. Helmick
                                           United States District Judge